# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WOJCIECHOWSKI and ANNE DALVET, as CO-ADMINISTRATORS FOR THE ESTATE OF ELEANOR S. MURPHY, Plaintiffs | : : : : : : | No. 3:17cv655 (Judge Munley) |
| v. | : : : | |
| MARLENE MUSIAL, MELINDA CUPPLES and WILLIAM CUPPLES, Defendants | : : : | |

## **MEMORANDUM**

Before the court for disposition is the defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties have briefed their respective positions and the matter is ripe for disposition.

## **Background**

Decedent Eleanor Murphy passed away on February 4, 2016. (Doc 1, Compl. ¶ 2). Shortly after her death, defendants Marlene Musial, Melinda Cupples and Williams Cupples, all residents of Delaware, traveled to decedent's home in Blythe Township, Schuylkill County, PA. (Id. ¶¶ 6-8, 16).

Plaintiff Anne Dalvet was also at the residence and in her presence, the defendants went through the decedent's home looking for valuables that had

been owned by the decedent. (Id. ¶ 17). While searching, Defendant Marlene Musial removed two fire boxes filled with tightly bound $50 and $100 bills. (Id. ¶ 19). The money was not counted at the time, but Plaintiff Dalvet estimates that the amount of cash was in excess of $100,000.00. (Id. ¶¶ 19-20).[1]

The three defendants left the decedent's house with the boxes of cash. (Id. ¶ 22). In addition to the cash, the defendants also took two curio cabinets from the house. (Id. ¶ 23). The cabinets were filled with antiques and collectibles, which plaintiff estimates to be worth in excess of $75,000. (Id.) Several weeks later Defendant Marlene Musial and Plaintiff Anne Dalvet were selected as co-administrators of the decedent's estate. (Id. ¶ 25).

In a meeting between the estate lawyer and the co-administrators, Musial failed to mention the items and cash that she and the others had already removed from the decedent's residence. (Id. ¶ 28). Plaintiff Dalvet subsequently informed the attorney of the items and cash that defendants had removed from the house. (Id. ¶ 29). She also confronted Defendant Marlene Musial about them. (Id. ¶ 30). Musial informed Plaintiff Dalvet that all she had to return to the estate was $250.00 in quarters and that plaintiff should not say anything to the attorney about the other items and cash. (Id. ¶ 31).

---

[1] According to plaintiffs' brief, the defendants placed the boxes of cash on the kitchen table and then began to dance around and scream in excitement over the discovery of the money. (Doc. 11, Pl. Br. at 2).

Subsequently, the estate lawyer confronted Musial, who then admitted having the cash and indicated she was "sitting on it" to ensure that estate bills were paid. (Id. ¶ 32). Later, Marlene Musial indicated that she and the other defendants had taken a few thousand dollars, and she deposited a substantial sum of cash into the estate's bank account. (Id. ¶ 50).

Marlene Musial was eventually removed as co-administrator of the estate. (Id. ¶ 35). Plaintiffs aver that defendants made numerous purchases and other transactions with the assets removed from the decedent's residence. (Id. ¶ 34). Based on these facts, the plaintiffs instituted the instant case by filing a two-count complaint. The complaint alleges: Count 1, Conversion against all the defendants (Id. ¶¶ 36-42); and Count 2, Fraud against Marlene Musial. (Id. ¶¶ 43-57). Plaintiff seeks damages in excess of $100,000, pre- and post-judgment interest, punitive damages and attorney's fees.

In response to service of the complaint, the defendants filed the instant motion to dismiss. Defendants' motion raises two issues, whether the complaint is subject to the probation exception to federal jurisdiction in that it is an issue that would ordinarily be decided by the probate court and that otherwise, the complaint fails to state a claim because the factual allegations are not sufficient to support the causes of action.

**Jurisdiction**

Plaintiffs claim that we have jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332. Plaintiffs are citizens of Pennsylvania and the decedent's estate is filed in Pennsylvania. (Doc. 1, Compl. ¶¶ 10-11). The defendants are citizens of Delaware. (Id. at ¶12). Additionally, plaintiffs allege that the amount in controversy exceeds $75,000. (Id. ¶ 13). As discussed below, however, defendants argue that we do not have jurisdiction because of the "probate exception" to federal jurisdiction.

**Discussion**

As noted above, the defendants' motion to dismiss raises two issues, whether the probate exception divests us of jurisdiction and whether plaintiffs failed to allege sufficient facts to support their claims. We will address each issue separately.

**I. Probate exception**

The defendant invokes the "probate exception" to federal jurisdiction and asserts that because this matter falls within the exception, we should dismiss the case.

The Supreme Court has described the probate exception as follows:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar

4

>federal courts from adjudicating matters outside those
>confines and otherwise within federal jurisdiction.

Marshall v. Marshall, 547 U.S. 293, 310 (2006).

Application of the elements of this exception reveals that it does not bar jurisdiction in the instant case. The plaintiffs do not ask this court to probate or annul a will. Further, they do not seek to have this court administer the decedent's estate.

Next, we must determine whether the plaintiffs are calling on the federal courts to dispose of property that is in custody of the state probate court. Id. A reading of the complaint reveals that they are not. Plaintiffs allege that the defendants converted over $100,000.00 in cash and other valuable items. This property is not in the custody of the state probate court, but is evidently still in the possession of the defendants.

Accordingly, we find that the cause of action which plaintiffs assert do not fall under the probate exception to federal diversity jurisdiction.

**II. Sufficiency of the complaint's factual allegations**

Next, the defendant attacks the complaint's factual allegations pursuant to Federal Rule of Civil Procedure 12(b)(6). When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its

face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

The defendant challenges the sufficiency of both of plaintiffs' causes of action. We will address them in turn.

**A. Conversion**

The first count of plaintiffs' complaint alleges conversion of the decedent's assets by all three defendants. Defendants argue that this count only pleads a claim against Defendant Marlene Musial and not the other two individual defendants. We disagree. As discussed above, the factual allegations of the complaint assert that all three defendants searched through the defendants' house and removed cash and other valuables. Thus, the motion to dismiss Count I of plaintiffs' complaint for failure to state a claim, will be denied.

**B. Fraud**

Count II of plaintiffs' complaint asserts a cause of action for fraud against Defendant Marlene Musial. Defendants argue that this count is faulty as it does not properly assert fraud. After a careful review, we disagree.

> The element of a cause of action for fraud are as follows:
>
> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

Kit v. Mitchell, 771 A.2d 814, 819 (Pa. Super. Ct. 2001) (internal quotation marks omitted).

7

The law provides special requirements for pleading fraud in a complaint. Rule 9 of the Federal Rules of Civil Procedure states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and or other conditions of a person's mind may be alleged generally."

Defendants argue that no statements were made to induce the plaintiffs to act in reliance thereon or that plaintiff took action in reliance on the correctness of the presentation resulting in damage or injury.

The complaint alleges, however, that Musial misrepresented the following: whether she removed cash and personal property from decedent's home; whether she eventually turned over all of the cash and personal property to the estate; and the amount of money she had to return to the estate. (Doc. 1, Compl. ¶¶ 44-46, 48-50). Also allegations are made regarding whether plaintiffs relied on Musial's misrepresentations. Specifically, the complaint alleges: "The Plaintiffs did rely on said misrepresentations to the detriment of the Estate and its beneficiaries." (Doc. 1, Compl. ¶ 53). The decedent's estate was unable to declare and account for the items that Musial took and concealed. (Id. ¶ 54). "In addition, because of Defendant Musial's misrepresentations, the Estate lost the ability to react immediately to her actions to ensure that all property, cash and personal, was promptly returned and/or accounted-for." (Id. ¶ 55). Although, this

allegation is not overly specific, we find that it is sufficient to withstand a motion to dismiss. The parties may decide to revisit this issue at the summary judgment stage.

**Conclusion**

The defendants' motion to dismiss will be denied. The probate exception to diversity jurisdiction does not apply because plaintiffs are not attempting to probate a will in federal court and the property at issue is not in custody of the state probate court. Additionally, plaintiffs have sufficiently pled the conversion and fraud claims to overcome the motion to dismiss. An appropriate order follows.

Date: <u>January 11, 2018</u>     **s/ James M. Munley**
                                  **JUDGE JAMES M. MUNLEY**
                                  **United States District Court**